UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID GERARD JEEP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2690 AGF |
| | ) | |
| GOVERNMENT OF THE UNITED STATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Before the Court is plaintiff's motion for reconsideration of the dismissal of this matter. After reviewing plaintiff's motion in its entirety, the Court finds no grounds for reconsidering its dismissal of this action. Therefore, plaintiff's motion will be denied.

### Background

Plaintiff filed the instant action on November 6, 2017, alleging that his rights were violated by a state family court judge in 2003, when the judge issued an order of protection barring him from contact with his ex-wife and granting his ex-wife custody of their child. In his request for relief, plaintiff sought to void the order of protection and family court orders.

In his complaint, plaintiff also remonstrated that he was unjustly given a DWI without proper due process in September of 2003 in Camden County, Missouri. He petitioned this Court to have his state criminal conviction overturned.

In its Memorandum and Order accompanying the November 9, 2017, Order of Dismissal, the Court noted that plaintiff's complaint was substantially similar to several previous cases

plaintiff had brought before the Court, all of which were dismissed pre-service.[1] *E.g., Jeep v. Government of the United States,* 4:13-CV-2490 RWS (E.D. Mo.) (listing previous cases), in addition to, *Jeep v. Government of the United States,* No. 4:14-CV-2009 DDN (E.D. Mo); *Jeep v. Government of the United States,* No. 4:15-CV-1533 HEA (E.D. Mo); *Jeep v. Government of the United States,* No. 4:16-V-0810 CDP (E.D. Mo).

The Court found that it lacked jurisdiction over family court matters. *See Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody."). Additionally, the Court concluded that it did not have jurisdiction to overturn plaintiff's state court conviction for DWI. As a result, plaintiff's claims relating to these issues were subject to dismissal under Rule 12(h)(3) of the Federal Rules of Civil Procedure.

The remainder of plaintiff's claims were dismissed as frivolous and malicious, as it was clear from the nature of plaintiff's allegations and the list of plaintiff's defendants that his purpose was to harass the named judicial and governmental defendants rather than vindicate a cognizable legal right.

**Discussion**

In his motion for reconsideration, plaintiff asserts that this Court has the ability, pursuant to a writ of error coram nobis and the Fourteenth Amendment of the Constitution, to remand his family law claims to state court for "resettlement" and to "expunge" his DWI conviction from his record. Plaintiff is incorrect.

Federal Courts have authority to issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a). "[T]he All Writs Act is a residual source of authority to issue writs

---

[1] Plaintiff was proceeding as a pauper before the Court, pursuant to 28 U.S.C. § 1915, and therefore his complaint was subject to review for frivolousness, maliciousness and for failure to state a claim upon which relief may be granted.

that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. U.S.,* 517 U.S. 416, 429 (1996). Coram nobis is an "extraordinary remedy," and should only be used in extraordinary circumstances." *Kerr v. U.S. Dist. Court for the Northern Dist. of California,* 426 U.S. 394, 403 (1976).

Coram nobis is not intended to be a substitute for proceedings brought pursuant to habeas corpus. *See U.S. v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000); *United States v. Morgan*, 346 U.S. 502, 511 (1954). In fact, a writ of error coram nobis is available only when the applicant is not in custody. *U.S. v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004); *U.S. v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002). Moreover, if the movant could have brought his claims in habeas corpus in a prior proceeding, the writ of error coram nobis is unavailable to him. *Noske*, 235 F.3d at 406; *Morgan* 346 U.S. at 511.

There is no doubt plaintiff could have filed a direct appeal and state post-conviction proceedings, as well as a federal habeas corpus pursuant to 28 U.S.C. § 2254, seeking to overturn his 2003 DWI conviction and sentence. Thus, coram nobis is not an appropriate remedy for plaintiff in relation to his DWI conviction.

Additionally, as was explained to plaintiff in the Court's prior Memorandum and Order, state family courts have jurisdiction over child custody and divorce proceedings. As plaintiff's child custody proceedings cannot be heard in this Court, his claims relating to his proceedings cannot be "remanded" to state Court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the dismissal of this action [Doc. #7] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

Dated this 4th day of December, 2017.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE